**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-22531-Civ-WILLIAMS/TORRES

TROY ELDRIDGE,

Plaintiff,

v.

PET SUPERMARKET, INC.,

Defendant.
______________________________________/

**ORDER ON DEFENDANT'S MOTION TO STRIKE ERRATA SHEET**

This matter is before the Court on Pet Supermarket, Inc.'s ("Defendant") motion to strike the errata sheet of Troy Eldridge's ("Plaintiff") expert, Randall Snyder ("Mr. Snyder"). Plaintiff responded to Defendant's motion on June 28, 2019 [D.E. 55] to which Defendant replied on July 8, 2019. [D.E. 64]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

## *I. ANALYSIS*

On May 20, 2019, Defendant deposed Plaintiff's expert, Mr. Snyder. Mr. Snyder then served his errata sheet on June 12, 2019, that included four changes to his deposition testimony. Defendant argues that the errata sheet should be stricken because Mr. Snyder made material changes to the substance of his testimony in violation of Rule 30(e) of the Federal Rules of Civil Procedure. Defendant claims

that the purpose of an errata sheet is to correct possible errors in the testimony, not to materially change it or add responses that the questions did not elicit. *See, e.g.*, *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 (10th Cir. 2002) ("The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.") (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)).

Because Mr. Snyder's errata sheet contains substantive changes and he fails to provide any compelling justification in support thereof[1], Defendant requests that the Court strike the errata sheet or, alternatively, reopen Mr. Snyder's deposition – at Plaintiff's sole expense – to allow Defendant to question Mr. Snyder about his revised testimony. *See Estate of Duckett by & through Calvert v. Cable News Network LLP*, 2010 WL 11508194, at *2 (M.D. Fla. May 14, 2010) ("[W]here the changes are wholesale—the court may 'reopen a deposition to allow for further cross-examination of the deponent if the changes to the transcript are so substantial as to effectively render it 'incomplete or useless without further testimony.'") (quoting *Foutz v. Town of Vinton, Virginia*, 211 F.R.D. 293, 295 (W.D. Va. 2002)).

[1] Defendant notes that Mr. Snyder's only stated reason for the changes was to "clarify the record." Defendant takes issue with this explanation because it provides no clarity on the reasons why there is a revision in his testimony.

Rule 30(e) of the Federal Rules of Civil Procedure explains when and how a deponent may alter his or her deposition testimony:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1) (emphasis added). While the plain language of Rule 30(e) allows for changes in substance of deposition transcripts, there is a split of authority (as Plaintiff points out in his response) as to whether substantive alterations are permissible.

Some federal courts have adopted a narrow interpretation of Rule 30(e) and only permit corrections of typographical or transcription errors, not material changes to deposition testimony. *See, e.g. Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225–26 (9th Cir. 2005) ("We agree with our sister circuits' interpretation of FRCP 30(e) on this point, and hold that Rule 30(e) is to be used for corrective, and not contradictory changes."); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) ("We also believe . . . that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'"); *see also Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003) ("[T]he Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses.").

Other courts, however, have adopted a broad reading of Rule 30(e), and have allowed parties to make substantive changes. *See, e.g. Alabama Aircraft Industrs., Inc. v. Boeing Co.*, 2017 WL 4570829, at *4 (N.D. Ala. May 22, 2017) (denying motion for protective order to exclude errata sheet corrections in light of the differing approaches taken by courts and because defendant would be able to cross examine the deponent about his testimony and inconsistencies at trial), *Report and Recommendation adopted*, 2017 WL 4572487, at *1 (N.D. Ala. June 21, 2017); *Unlimited Res. Inc. v. Deployed Res.*, LLC, 2010 WL 55613, at *3 (M.D. Fla. Jan. 5, 2010) (reviewing cases interpreting Rule 30(e) and concluding that the cases adopting a broad view of the Rule are more persuasive because the text of the Rule explicitly refers to changes in substance and because there are safeguards to prevent the likelihood of abuse of Rule 30(e)); *Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 533 (S.D. Fla. 2009) (denying motion to strike substantive errata sheet changes because the majority view interpreting Rule 30(e) broadly "is in line with the plain language of Rule 30(e) which contemplates 'changes in form or substance'" and "furthers the purpose of the discovery process—to allow the parties to elicit the true facts of a case before trial").

While there is support for both sides of this ongoing debate on whether a broad or narrow interpretation is to be preferred (and the Eleventh Circuit has not explicitly held one way or the other), district courts have interpreted the Eleventh Circuit's recent decisions as making clear "that material changes, especially when contradictory to the deponent's original testimony, are not permissible absent a

good reason." *Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, 2015 WL 4167377, at *3 (M.D. Fla. July 9, 2015); *see also In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2018 WL 1627812, at *3 (N.D. Fla. Apr. 4, 2018) ("[T]he Eleventh Circuit has not explicitly adopted one view or the other on this issue").[2] In light of this principle, Mr. Snyder's second revision is the only one that includes a material change. Mr. Snyder initially testified on page 147 of his deposition transcript that "I'm opining on the capability of the system, not how it was used." [D.E. 49]. However, in his errata sheet, Mr. Snyder states that "even if a campaign was started immediately with the push of a button it's still an automated text messaging system." *Id.* There is no question that Mr. Snyder's revision is a material change because it completely alters the original testimony and Mr. Snyder offers no reason for the alteration other than he was clarifying the record. While Plaintiff suggests that this is a compelling reason for the revision, the record is not merely "clarified" when the testimony is entirely altered to reflect a completely different answer. Therefore, Defendant's motion to strike the second revision on page 147 is **GRANTED**.

[2] The parties rely, in part, on the Eleventh Circuit's decision in *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010). But, the issue before the Eleventh Circuit was different than the one presented. In *Norelus*, the Eleventh Circuit affirmed the district court's imposition of sanctions on plaintiff's attorneys because they submitted a "novella-length errata sheet" that attempted "to alter their client's deposition testimony in 868 ways," which "rendered the eight days spent on [the plaintiff's] deposition a waste of time and money." *Id.* at 1281-82. While the Eleventh Circuit has not explicitly adopted the broad or narrow view of Rule 30(e), the cases that the Court relied on suggest that the narrow view controls.

As for Defendant's motion to strike the remaining changes on Mr. Snyder's errata sheet, they are not material enough to trigger a violation of Rule 30. Mr. Snyder responded twice to a question on page 157 of the deposition transcript with an affirmative answer of "Yes". [D.E. 49]. Mr. Snyder then states in his errata sheet: "I don't have that report in front of me. I could answer more particular questions if I had it in front of me to look at it. Based on my recollection now, generally, yes." *Id.* Defendant maintains that this is a substantive alteration and cannot stand. But, the revision merely clarifies Mr. Snyder's initial response as opposed to the second revision discussed above because Mr. Snyder's answer on page 157 remains the same.

The same is true of Mr. Snyder's revision on page 11 of his deposition transcript. In the initial transcript, Mr. Snyder testifies that Plaintiff received text messages and ends the sentence with "et cetera." *Id.* The only difference when compared to his revised testimony is that the sentence ends with the receipt of text messages "from a short code." Defendant insists that this is a material change, but the errata sheet is not necessarily contradictory because the revised testimony merely clarifies one of the ways that Plaintiff received text messages. *See Cable News Network LLP*, 2010 WL 11508194, at *2 (M.D. Fla. May 14, 2010) ("[T]he substantive changes that were made do not make wholesale changes to Ms. Schiffman's testimony but merely clarify and provide more detailed context to Ms. Schiffman's testimony."). And Mr. Snyder's changes do not appear to be designed to surprise or prejudice Defendant in the litigation of this case. Indeed, Plaintiff "will

be entitled at trial to utilize the errata sheet and the original deposition testimony if necessary for impeachment purposes," because "[b]oth the original testimony and the errata sheet are sworn and/or provided under penalty of perjury and thus are appropriate impeachment material." *Id.* Accordingly, Defendant's motion to strike anything other than the second revision is **DENIED**.

## ***II. CONCLUSION***

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion to strike [D.E. 49] is **GRANTED in part** and **DENIED in part**:

A. Defendant's motion to strike Mr. Snyder's second revision is **GRANTED**.

B. Defendant's motion to strike Mr. Snyder's first, third, and fourth revision is **DENIED**.

C. Defendant's motion to reopen the deposition of Mr. Snyder is **DENIED**.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of July, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

[3] While courts have the discretion to reopen a deposition to allow for further cross examination of a deponent who changes his or her testimony, there is nothing that warrants further questioning nor did Defendant present a compelling reason given that discovery is now closed.