# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22531-Civ-WILLIAMS/TORRES

TROY ELDRIDGE,

    Plaintiff,

v.

PET SUPERMARKET, INC.,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNTIMELY EXPERT WITNESS

This matter is before the Court on Troy Eldridge's ("Plaintiff") motion to strike against Pet Supermarket, Inc. ("Defendant") for an untimely disclosure of an expert witness. [D.E. 50]. Defendant responded to Plaintiff's motion on June 28, 2019. [D.E. 56] to which Plaintiff replied on July 8, 2019. [D.E. 62]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

### *I. APPLICABLE LEGAL PRINCIPLES AND LAW*

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure must include "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert

1

testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must also contain the following information: a complete statement of all the opinions the expert plans to express and the basis for them, the data considered by the expert in forming the opinions, any exhibits intended to be used in summarizing or supporting the opinions, the experts' qualifications including a list of all authored publications in the previous ten years, a list of all the other cases in which the witness testified as an expert during the previous four years, and a statement of the compensation the expert is to receive for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454 (2006). To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports. In relevant part, Rule 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt,* 2001 WL 118617(M.D. Fla. Jan. 24, 2001) (quotation and citation omitted). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *See Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.,* 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005). The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless. *See Surety Assocs., Inc. v. Fireman's Fund Ins. Co.,* 2003 WL 25669165 (M.D. Fla. Jan. 7, 2003).

## II.    ANALYSIS

Plaintiff's motion seeks to strike Defendant's untimely disclosure of its expert witness, Thomas Blackburn ("Mr. Blackburn"), because Defendant failed to disclose him until seven days before the end of the discovery period. As background, the Court entered a Scheduling Order on October 18, 2018. [D.E. 22]. Pursuant to that Order, Plaintiff timely disclosed his expert on March 15, 2019. In turn, Defendant was required to disclose its expert on April 12, 2019 and the parties were directed to exchange rebuttal reports on or before May 10, 2019. *See id.* Defendant then consulted and obtained Plaintiff's consent for an extension of time to disclose its expert. Having been advised of the parties' agreement, the Court extended Defendant's deadline to serve its expert report to May 7, 2019 and postponed the deadline for the disclosure of rebuttal experts to May 31, 2019. [D.E. 33]. The

3

Court did not, however, extend any of the earlier deadlines in this case, including the discovery deadline of June 12, 2019, the dispositive motion deadline of July 26, 2019, and the trial date of December 9, 2019. [D.E. 22, 33].

Plaintiff claims that Defendant failed to disclose Mr. Blackburn until June 5, 2019, a mere seven days before the end of the discovery period and in violation of the Court's extended deadlines. Plaintiff also argues that Defendant refused to produce its expert for a deposition during the final week of the discovery period and instead proposed a day *after* the discovery cut-off. Making matters worse, Plaintiff alleges that Defendant never requested another extension of time to disclose its expert or to conduct additional discovery. Because Defendant violated the Court's Scheduling Order, waited until the eve of the discovery period to produce its expert, and prevented Plaintiff from deposing Defendant's expert before the discovery cut-off, Plaintiff concludes that he has been materially prejudiced and requests that we strike Mr. Blackburn as untimely. *See, e.g.*, *Woliner v. Sofronsky*, 2019 WL 125704, at *4 (S.D. Fla. Jan. 8, 2019) ("It is clear that Plaintiff's late disclosure of his expert would severely prejudice Defendants, and wreak havoc with the Court's dispositive motion deadline and trial date. Therefore, striking Plaintiff's expert is both necessary and appropriate.").

Defendant concedes in its response that it failed to timely serve Mr. Blackburn's expert report. Defendant argues, however, that the rebuttal report was served a mere five days after the deadline of May 31, 2019. Defendant also claims that the reason for the untimely disclosure is because the only date that Plaintiff

4

made its expert available for a deposition was on May 20, 2019, leaving Defendant with only nine business days from the May 31, 2019 rebuttal deadline. In other words, Defendant suggests that Plaintiff is at fault because Plaintiff failed to make his expert available at an earlier date for a deposition and that a rebuttal report could not be crafted during the interim. Notwithstanding Plaintiff's delay, Defendant maintains that it served its rebuttal report on June 5, 2019 and insists that the parties could have coordinated (but failed to do so) Mr. Blackburn's deposition during the final week of the discovery period. Defendant states that, as an accommodation, it also offered to make Mr. Blackburn available after the discovery cut-off to alleviate any prejudice but that the parties failed to confer or agree upon a revised date for a deposition. Therefore, Defendant concludes that there is substantial justification for the delay of its rebuttal expert and that any prejudice can be cured with a revised date for Mr. Blackburn's deposition.

As an initial matter, Defendant should have done much more to comply with the Court's Scheduling Order.[1] Defendant could have filed, for example, a motion for an extension of time to serve its rebuttal report or could have sought relief from the Court's discovery deadline. Defendant could have also offered Plaintiff several specific dates before the end of the discovery cut-off to take Mr. Blackburn's

---

[1] Defendant claims that Plaintiff was at fault for not making his expert available for a deposition until May 20, 2019. But, it is unclear as to why Defendant was required to wait on the deposition of Plaintiff's expert to craft a rebuttal report. Defendant was in receipt of Plaintiff's report back in March 2019 and the argument that a deposition was required before any work could begin on a rebuttal report is entirely unpersuasive. Therefore, we cannot conclude that Defendant's failure to produce its rebuttal expert was substantially justified.

deposition. But, Defendant failed to do so and there is an abundance of cases to support Plaintiff's position that Defendant's failure was prejudicial. *See, e.g. Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 684 (M.D. Fla. 2010) ("Plaintiffs' delay in designating Mr. Thompson as their expert leaves Liberty Mutual without the chance to depose this expert witness.") (citing *Smith v. Jacobs Eng'g Group, Inc.*, 2008 WL 5351047, at *3 (N.D. Fla. Mar. 20, 2008) (prejudice found when required disclosures were made after the discovery period had lapsed); *Hubbard v. Edwards,* 2006 WL 2557904 (M.D. Ga. Sept. 1, 2006) (same)). Plaintiff therefore concludes that "[a]bsent the reopening of discovery and the attendance delay of trial . . . the self-executing nature of Rule 37(c)(1) should be preserved." *Hewitt*, 268 F.R.D. at 684 (citing *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 2009 WL 1043974 (M.D. Fla. Apr. 17, 2009)); *see also Smith,* 2008 WL 5351047, at *3.

It is certainly true, as Plaintiff suggests, that a failure to provide deposition dates before the end of the discovery period can be grounds to exclude an expert at trial. *See, e.g., St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 2019 WL 2008665, at *2 (S.D. Fla. Mar. 11, 2019) (granting plaintiff's motion to strike "[b]ecause Defendant could not provide a single date when Mr. Warner was available for a deposition before the expert discovery deadline"). It is equally true that a failure to disclose an expert – depending on the length of the delay – can be grounds to strike an expert. *See, e.g., Ballard v. Krystal Restaurant,* 2005 WL 2653972 (M.D. Ala. Oct. 17, 2005) (granting defendant's motion to strike because plaintiff waited two and a half months to disclose its expert); *White v. Volvo Trucks of N. Am., Inc.,* 211

6

F.R.D. 668, 670 (M.D. Ala. 2002) (granting defendants' motion to strike because plaintiff disclosed an expert witness seven weeks late).

But, given the procedural posture of this case, the shortness of Defendant's delay (approximately five days), and a trial date scheduled five months away in December 2019, there is ample time to cure any prejudice that Plaintiff suffered for Defendant's failure to comply with the Court's Scheduling Order. This is not a case where trial is imminent nor is this a situation where a party was materially late in disclosing its witness.[2] It is therefore difficult to conclude that the prejudice Plaintiff suffered cannot be cured in a timely fashion and far in advance of trial. *See Avramides v. Liberty Mut. Fire Ins. Co.*, 2014 WL 202662, at *4 (M.D. Fla. Jan. 17, 2014) (finding that a defendant's untimely disclosure was harmless as a rebuttal expert because the "disclosure of [the expert] as a rebuttal witness was only one day late, due to inadvertence, and his expert report, although late, was provided approximately six months before trial."); *see also Ferguson v. Bombardier Servs.*

---

[2] Plaintiff relies on the reasoning in a recent case before the Court where a defendant failed to disclose its experts and then claimed that they were unavailable until after the discovery deadline. *See Rockhill Ins. Co.*, 2019 WL 2008665, at *1. Plaintiff suggests that Defendant's failures are no different and that Mr. Blackburn should be stricken for the same reasons because parties cannot simply disregard a Scheduling Order. While Plaintiff's argument is not entirely without merit, *Rockhill* is distinguishable because the defendant in that case repeatedly refused to make its expert available for a deposition until one month after the close of the discovery period. However, this case is different because while – Defendant offered a deposition date of June 20, 2019 – it is unclear that Plaintiff inquired after the receipt of that proposal as to whether an earlier date would be available. In other words, there is nothing in the record to find that Plaintiff sought a date for Mr. Blackburn's deposition during the discovery period and that Defendant refused to comply. If that had occurred, the disposition of Plaintiff's motion may have been different.

*Corp.*, 244 F. App'x 944, 950 (11th Cir. 2007) (finding that a district court's decision to permit an expert report submitted after the deadline, but approximately eight months before the start of trial, was not an abuse of discretion). Therefore, Plaintiff's motion is **GRANTED** but only to the extent that Defendant is compelled to make Mr. Blackburn available for a deposition within fourteen (14) days from the date of this Order. As for Plaintiff's motion to strike Mr. Blackburn as an expert witness, Plaintiff's motion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike Defendant's untimely expert witness is **GRANTED in part** and **DENIED in part**. [D.E. 50]. Defendant shall make Mr. Blackburn available for a deposition within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge